■ PAUL EISEN, Appellant, v WASHINGTON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents. [644 NYS2d 55]

Plaintiff sued his former employer Washington National Life Insurance Company of New York (Washington) to recover sev-

erance pay and compensation for earned vacation time that allegedly came due when Washington failed to extend his employment contract, which provided for a two-year period of employment ending February 13, 1993. Plaintiff bases his action on the provisions of a company employment manual, which he claims supplemented his contract and provided for additional compensation. He further contends that parol evidence should be admitted to explain ambiguities in the agreement. We agree with the IAS Court that the employment contract, by its terms, embodied the entire agreement between the parties. Furthermore, the contract unambiguously described the terms of compensation upon termination of the agreement.

Section 10 (b) of the agreement, which governs termination of the agreement by the company for any reason other than those specified in sections 9 or 10 (a), which are inapplicable here, expressly limits compensation to any accrued and unpaid salary due at the time of the employee's termination, plus his base salary for the remainder of the contract period, less any compensation earned as a result of other employment during that time. This clause is clear and unambiguous, and does not provide for severance pay or unused vacation pay. Accordingly, defendants' motion for summary judgment was properly granted. We have considered appellant's other point and find it to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.